[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant was the driver of a motor vehicle which was involved in a one vehicle accident in Meriden on October 3, 1999. The defendant had no visible injuries, but her passenger suffered a cut to his nose. In addition, a Connecticut Light and Power pole was cracked, and cable equipment fell from that pole. Also, the vehicle which the defendant was driving suffered heavy front end damage. The defendant was arrested and CT Page 382 charged with driving while intoxicated, reckless driving, operating without a license and failure to carry an insurance card. Two weeks later on October 24, 1999, the defendant was involved in a motor vehicle accident. She was again arrested and charged with driving while intoxicated and with other charges relating to the death of a motorcycle operator who died as a result of the accident.
On May 18, 2001, the defendant applied for a pre-trial alcohol education program under C.G.S. Section 54-56g. She claims that she meets all the eligibility requirements since she had not been convicted of driving under the influence prior to October 3, 1999; nor has she been convicted of any crimes that would affect her eligibility for the alcohol education program at any time subsequent to October 3, 1999. The defendant correctly states that, since no one was seriously injured in the incident of October 3, 1999, there is no requirement under the statute to show good cause to become eligible. The defendant argues since she meets all requirements of eligibility and is willing to comply with all the requirements, there is no legal reason why she should not be given the opportunity to enter the program. The defendant argues that she deserves admission into the alcohol education program.
The state argues that a finding of eligibility alone does not mandate enrollment in the program under C.S.G. Section 54-56g. The state correctly points out that the court has discretion in determining whether to grant the defendant's application to the program.
The state argues that the pre-trial education program was designed for a first-time offender who had an isolated incident of bad judgment. It is evident to the court, upon reading the legislative history of C.G.S. Section 54-56g, that the goal of the pre-trial alcohol education program is to educate and prevent the type of tragedy in which the defendant is involved. Notwithstanding the defendant's entitlement to the presumption of innocence and her not guilty pleas, the court believes that it can and must take notice of the charges and the fact that the conduct charged in the first arrest is sufficiently egregious to justify a denial of the program. The court must take notice of the additional fact that the defendant was arrested three weeks later and charged with conduct the program most certainly was designed to prevent. The court cannot in good conscience grant the defendant's application.
Application is therefore denied.
GALLAGHER, J.